# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

HELENA AGRI-ENTERPRISES, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

BOERSEN FARMS PROPERTIES, LLC,

    Defendant.

Case No. _____

Honorable _____

**COMPLAINT**

Sheryl L. Toby (P39114)
Mark J. Magyar (P75090)
Dykema Gossett PLLC
Attorneys for Plaintiff
300 Ottawa Ave. N.W. Suite 700
Grand Rapids, Michigan  49503
stoby@dykema.com
mmagyar@dykema.com
616-776-7500

Plaintiff, Helena Agri-Enterprises, LLC f/k/a Helena Chemical Company, by and through its attorneys, Dykema Gossett, PLLC states its Complaint against Defendant Boersen Farms Properties, LLC as follows:

## PARTIES

1.    Plaintiff, Helena Agri-Enterprises, LLC is a Delaware limited liability company.  Helena Agri-Enterprises, LLC's sole member is Marubeni America Corporation, a New York corporation.  Marubeni America Corporation's principal place of business is in New York.

2. Defendant Boersen Farms Properties, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464. The members of Boersen Farms Properties, LLC are Dennis Boersen and Ross Boersen, each a citizen of the State of Michigan and domiciled in Michigan.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 USC § 1332 because there is complete diversity of citizenship between Helena and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district under 28 USC § 1391(b)(1) and (b)(2).

**ALLEGATIONS**

**Background**

5. Plaintiff, Helena Agri-Enterprises, LLC f/k/a Helena Chemical Company ("**Helena**" or "**Plaintiff**") is an agricultural and specialty formulator and distributor providing products and services to the agricultural community such as, by way of example fertilizer and fertilizer application services, nutrients, seed and seed treatments, financial services, and other products and services.

6. Defendant is one of the entities within a conglomerate of entities that together engaged in farming, principally growing corn and soybean crops primarily in Western Michigan (the "**Boersen Farming Operation**").

7. The Boersen Farming Operation defaulted on obligations owed to numerous creditors leading to multiple lawsuits and judgments entered against various Boersen Farming Operation entities.

8. Helena sold product to certain Boersen Farming Operation entities on either a credit account arrangement or through a finance arrangement. The Boersen Farming Operation

2

entities defaulted on the obligations owed to Plaintiff and failed to pay amounts due and owing. In turn, Plaintiff filed a lawsuit with this court against several of the Boersen Farming Operation entities assigned Case No. 1:18-cv-00963-RJJ (the "**First Lawsuit**").

9. Boersen Farming Operation entities, Boersen Farms, Inc. and Boersen Farms AG, LLC (collectively for purposes of this Complaint the "**Boersen Judgment Debtors**") were two of the named defendants in the Lawsuit.

10. The Boersen Judgment Debtors filed an answer to the Complaint filed in the First Lawsuit. [First Lawsuit Dkt 13.]

11. The First Lawsuit included a successor claim against Great Lakes Grain, LLC (Count I) and a Voidable Transaction claim against the defendants (Count XI). Those two counts are still pending. All other counts of the First Complaint were resolved through a stipulated entered judgment further described below.

**Judgment has been entered against Boersen Judgment Debtors**

12. In the First Complaint, Plaintiff sought judgment against defendants Boersen Farms AG, LLC, Boersen Farms, Inc., Boersen AG Partners, LLC, Dennis Boersen, Arlan Boersen, and Sandra Boersen arising from breach of credit and loan agreements entered into with certain of the defendants and Helena and liability arising out of breach of guarantee agreements. Other than Great Lakes Grain, LLC, all of the other foregoing parties and Helena entered into a stipulated final judgment. [First Lawsuit Dkt 36.] A copy of the judgment as entered by the court is attached as **Exhibit 1** (the "**First Lawsuit Judgment**").

13. Prior to entry of the First Lawsuit Judgment, it was discovered that although guarantee agreements identifying this Defendant as a guarantor of the Boersen Judgment Debtors' obligations had been attached to the First Complaint, Defendant had not been named as

3

a defendant in the First Lawsuit. Plaintiff sought concurrence from counsel for Defendant (and the other defendants in the First Lawsuit) to add Defendant as a party Defendant to the First Lawsuit and add Defendant to the First Lawsuit Judgment. Concurrence was denied. Plaintiff was informed it would need to seek to amend the Complaint in the First Lawsuit or file a new lawsuit against Defendant. Plaintiff chose the latter giving rise to this lawsuit.

14. A copy of the guaranty agreements by Defendant in favor of Helena with respect to the Boersen Farms, Inc. obligations is attached as **Exhibit 2**. Pursuant to such agreements and as set forth more fully therein, Defendant guaranteed unconditionally and absolutely prompt payment and performance of all indebtedness, obligations and liabilities of Boersen Farms, Inc. to Helena of any kind or character, then existing or thereafter arising.

15. Boersen Farms, Inc. stipulated to entry of the First Lawsuit Judgment and it was entered against Boersen Farms, Inc. in favor of Plaintiff as follows: A non-appealable, final judgment of liability in the amount of $13,059,033.46 prior to attorney fees and costs (paragraph 2 of the Judgment) plus $1,832,673.77 prior to attorney fees and costs (paragraph 8 of the Judgment) plus $118,758.40 in attorney fees and costs as of the date of entry of the Judgment for a total obligation owed to Helena of $15,010,465.63, prior to the additional attorney fees and costs incurred subsequent to the entry of the Judgment including with respect to those incurred in connection with this lawsuit.

16. A copy of the guaranty agreements by Defendant in favor of Helena with respect to the obligations of Boersen Farms AG, LLC is attached as **Exhibit 3**. Pursuant to such agreements and as set forth more fully therein, Defendant guaranteed unconditionally and absolutely prompt payment and performance of all indebtedness, obligations and liabilities of Boersen Farms AG, LLC to Helena of any kind or character, then existing or thereafter arising.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

4

17. Boersen Farms AG, LLC stipulated to entry of the First Lawsuit Judgment and it was entered against Boersen Farms AG, LLC in favor of Plaintiff as follows: A non-appealable, final judgment of liability in the amount of $1,428,180.79 prior to attorney fees and costs (paragraph 3 of the Judgment) plus $13,463,526.44 which includes $118,758.40 in attorneys' fees and costs as of the date of entry of the Judgment for a total obligation owed to Helena by Boersen Farms AG, LLC of $14,891,707.23 prior to the additional attorney fees and costs incurred subsequent to the entry of the First Lawsuit Judgment including with respect to those incurred in connection with this lawsuit.

## COUNT I
## BREACH OF GUARANTEE OF BOERSEN FARMS, INC. OBLIGATIONS

18. Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 17 above.

19. Defendant Boersen Farms Properties, LLC breached the valid Guarantee Agreements attached hereto as Exhibit 2 by refusing to pay after Boersen Farms, Inc. defaults on its obligations owed to Helena despite lawful demand.

20. A final non-appealable judgment has been entered against Defendant Boersen Farms, Inc. in the amount of $15,010,465.63 and as such pursuant to its guaranty agreements, Boersen Farms Properties, LLC is liable to Helena for such amount.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against guarantor Defendant Boersen Farms Properties, LLC on the Boersen Farms, Inc. final judgment amount of $15,010,465.63 plus additional attorney fees and costs that have been incurred since entry of the Judgment and such other just and equitable relief as determined by this Court.

## COUNT II
## BREACH OF GUARANTEE OF BOERSEN FARMS AG, LLC OBLIGATIONS

21. Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 18 above.

22. Defendant Boersen Farms Properties, LLC breached the valid Guarantee Agreements attached hereto as Exhibit 3 by refusing to pay after Boersen Farms AG, LLC defaults on its obligations owed to Helena despite lawful demand.

23. A final non-appealable judgment has been entered against Defendant Boersen Farms AG, LLC in the amount of $14,891,707.23 and as such pursuant to its guaranty agreements, Boersen Farms Properties, LLC is liable to Helena for such amount.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against guarantor Defendant Boersen Farms Properties, LLC on the Boersen Farms AG, LLC judgment amount of $14,891.707.23 plus the additional attorney fees and costs that have been incurred since entry of the Judgment and such other just and equitable relief as determined by this Court.

Date: March 8, 2019            Respectfully submitted,
                               DYKEMA GOSSETT PLLC
                               By:  */s/ Mark J. Magyar*
                                    Sheryl L. Toby (P39114)
                                    Mark J. Magyar (P75090)
                                    Dykema Gossett PLLC
                                    Attorneys for Plaintiff
                                    300 Ottawa Ave. N.W. Suite 700
                                    Grand Rapids, Michigan 49503
                                    stoby@dykema.com
                                    mmagyar@dykema.com
                                    616-776-7500