## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HELENA AGRI-ENTERPRISES, LLC,
a Delaware limited liability company,

            Plaintiff

vs.

BOERSEN FARMS PROPERTIES, LLC, a
Michigan limited liability company,

            Defendant.

Case No. 1:19-cv-00180-RJJ-RSK

Honorable Chief Judge Robert J. Jonker

---

| | |
|---|---|
| Sheryl L. Toby (P39114)<br>Mark J. Magyar (P75090)<br>Dykema Gossett PLLC<br>Attorneys for Plaintiff<br>300 Ottawa Ave. N.W. Suite 700<br>Grand Rapids, Michigan 49503<br>stoby@dykema.com<br>mmagyar@dykema.com<br>616-776-7500 | Ronald J. VanderVeen (P33067)<br>Cunningham Dalman, PC<br>Attorneys for Defendants<br>321 Settlers Road<br>Holland, MI 49423<br>rjvv@cunninghamdalman.com<br>616-392-1821 |

## JUDGMENT

The Plaintiff, Helena Agri-Enterprises, LLC ("Helena" or "Plaintiff"), having filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) and brief in support (RE 9, 10) (the "Motion"), Defendant Boersen Farms Properties, LLC ("Defendant") having stipulated to resolve the Motion and entry of this Order, it is the JUDGMENT AND ORDER of this Court, that:

(1)    Plaintiff's Motion is GRANTED.

(2) A non-appealable, final judgment of liability is entered for Plaintiff against Defendant Boersen Farms Properties, LLC on Count I of the Complaint for Breach of Guarantee in the sum certain of $15,010,465.63 (the "Boersen Farms, Inc. Guarantee Judgment Amount"). The Boersen Farms, Inc. Guarantee Judgment Amount is calculated as follows: (i) Credit Agreement obligation as of January 22, 2019 of $7,646,934.88 (consisting of principal of $6,932,791.48 and contractual pre-judgment interest of $714,143.40); plus (ii) the Loan Agreement obligation as of January 22, 2019 of $5,412,098.58 (consisting of principal of $4,750,000.00 and contractual pre-judgment interest of $662,098.58) for a preliminary balance of $13,059,033.46 prior to attorney fees and costs (the "Boersen Farms Inc. Preliminary Balance"); plus (iii) $118,758.40 in attorneys' fees and costs.

(3) A non-appealable, final judgment of liability is hereby entered for Plaintiff against Defendant Boersen Farms Properties, LLC on Count II of the Complaint for Breach of Guarantee in the sum certain amount of $14,891,707.23 (the "Boersen Farms AG, LLC Guarantee Judgment Amount"). The Boersen Farms AG, LLC Guarantee Judgment Amount is calculated as follows: (i) the Boersen Farms, Inc. Preliminary Balance of $13,059,033.46; plus (ii) the Boersen Farms AG, LLC Preliminary Balance of $1,428,180.79; plus (iii) the Boersen Farms AG Partners, LLC Preliminary Balance of $285,734.58; plus (iv) $118,758.40 in attorneys' fees and costs.

(4) Although Plaintiff is entitled to judgment on each of the counts as set forth above, Plaintiff is only entitled to one collection and recovery of such judgment amount (i.e., there is no right to more than one recovery on the amount represented by the judgment). Hence, for example only, if Plaintiff recovers $118,758.40 from Defendant or any judgment-debtor in related Case No. 1:18-cv-00963-RJJ-RSK in this Court under the judgement entered in that case on February 23, 2019 (the "Related Case"), for the incurred attorney fees and costs included in any of the judgments, Plaintiff could not recover the attorney fees and costs amount of $118,758.40 from any other Defendant in this case or the Related Case. As a further example, (a) recovery of amounts on the principal judgments referenced in paragraphs 2 and 3 shall be credited against the corresponding guaranty judgments in this case and the Related Case, and (b) recovery of amounts on the guaranty judgments in shall be credited against the corresponding principal judgments in the Related Case. This provision merely clarifies that Plaintiff is not entitled to multiple recoveries on any claim. This provision does not, in any way, relate or impact any joint and several liability which remains in full force and effect. Similarly, this provision does not relate or impact any indemnification or contribution rights Defendants may claim amongst each other, which is unaffected and unaddressed by this judgment.

(5) It is ordered that, as stipulated by the parties, this is a final judgment as to the claims in Count I and II of the Complaint, and it is a final judgment as set forth above against Boersen Farms Properties, LLC. This Judgment is therefore immediately executable by Plaintiff against Boersen Farms Properties, LLC. To be clear, the

parties expressly waive any appellate rights with respect to the judgment on all claims addressed herein. In addition to waiving appeal, Boersen Farms Properties, LLC also agrees that the judgment on all claims against it addressed herein is final and immediately executable, meaning that Plaintiff is entitled to enforce the judgment on all such claims and seek such post-judgment discovery to discover Boersen Farms Properties, LLC's assets and secure satisfaction of this judgment as permissible under the law. The parties therefore stipulate and agree to eliminate the normal time for stay of execution of this Judgment against Boersen Farms Properties, LLC under Federal Rule of Civil Procedure 62(a). The purpose of this provision is for finality of the judgment against Boersen Farms Properties, LLC and waiver of appellate rights, not for purposes of Federal Rule of Civil Procedure 54(b) vis-à-vis any appellate rights. In any event, there is no just reason for delay of entry of final judgment against Boersen Farms Properties because it is the only defendant, and all claims asserted against it are finally adjudicated by this Judgment.

(6) This stipulated judgment does not relate to nor does it intend to address in any way any claims Plaintiff may have still pending in the Related Case, including against any Defendant not a party to this action, nor does this stipulated judgment relate in any way to Plaintiff's claims against Defendants Great Lakes Grain, LLC, Great Lakes Grain II, LLC, Great Lakes Grain III, LLC, Great Lakes Grain IV, LLC, New Heights Farm I, LLC, New Heights Farm II, LLC, Stacy Boersen, and Nick Boersen in the Related Case, which are not affected by this Judgment and remain pending.

Dated: July 9, 2019

/s/ Robert J. Jonker
Hon. Chief Judge Robert J. Jonker
U.S. District Court Judge

Approved for entry:

/s/ Mark J. Magyar

Sheryl L. Toby (P39114)
Mark J. Magyar (P75090)
Dykema Gossett PLLC
Attorneys for Plaintiff
300 Ottawa Ave. N.W. Suite 700
Grand Rapids, Michigan 49503
stoby@dykema.com
mmagyar@dykema.com
616-776-7500

/s/ Ronald J. VanderVeen

Ronald J. VanderVeen (P33067)
Cunningham Dalman, PC
Attorneys for Defendants
321 Settlers Road
Holland, MI 49423
rjvv@cunninghamdalman.com
616-392-1821

3